■ CHARLOTTE GERSHEN, Appellant, v. MACK D. GERSHEN, Respondent.— Order granting in part motion by plaintiff wife to sequester defendant husband's property modified on the law and on the facts and in the exercise of discretion, to designate plaintiff wife as receiver of defendant's property with appropriate bond; to delete the designation of the escrow-agent as receiver; to delete the fixing and direction to pay any attorneys' fees to Louis C. Pulvermacher, Esq. out of funds intrusted or to be intrusted to him in escrow; to limit the payment of any claims from escrowed funds to creditors covered by the escrow agreement, namely, creditors as of March 1, 1957 of the corporation, Andrew Newman, Inc.; and the order is otherwise affirmed, with $20 costs and disbursements to plaintiff-appellant. Settle order. The authority of the escrow-agent is derived from, but it is also limited by the escrow agreement. Any balance remaining after discharging the payments directed by the escrow agreement is the property of defendant. This balance is subject to sequestration for the purposes authorized by section 1171-a of the Civil Practice Act. This, however, does not empower the court or the escrow-agent to make any disposition of funds to creditors other than those specified in the escrow agreement nor to the defendant's lawyer. Thus, no disposition may be made of the funds in the hands of the escrow-agent except as authorized by the escrow agreement, or of the remaining balance except as authorized by the statute. Order denying plaintiff wife's motion for temporary alimony and counsel fees reversed and the motion granted on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to plaintiff-appellant. Temporary alimony is fixed in the amount of $200 per week from the making of the motion, and counsel fee is fixed in the amount of $3,000, one half payable within 10 days from entry and service of the order herein, and the other half payable within 10 days after the action is noted for trial. Under the provisions of section 237-a of the Civil Practice Act, defendant, by failing to move as therein provided, waived any objection to personal

jurisdiction, and he has therefore appeared generally in the action. Should defendant be so advised, he may, within 30 days from the entry and service of the order herein, move at Special Term, to reconsider the temporary alimony fixed herein, prospectively from the date of the making of the motion on any ground which he might have interposed to the original motion. Settle order. Concur — Breitel, J. P., Frank, Valente, Stevens and Bergan, JJ.